IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY AYERS WILKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:19-cv-400-ECM-WC |
| | ) | |
| TROY REGIONAL MEDICAL | ) | |
| CENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.     INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6). The *pro se* plaintiff, Larry Ayers Wilke ("Wilke" or "Plaintiff"), brings this 42 U.S.C. § 1983 action against eight separate defendants.

## II.    STANDARD OF REVIEW

### a.     Pro Se Standard

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. App'x 863, 864 (11th Cir. 2008). Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*,

132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. App'x 91, 93 (11th Cir. 2009) (internal citations and quotation omitted).

    **b.**    **Motion to Dismiss Standard**

Defendant Troy Regional Medical Center moves to dismiss the Complaint for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but [l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quotations and citations omitted). To state a claim upon which relief could be granted, a complaint must satisfy the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In application, the Rule requires that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," in that the well-pleaded factual matter in the complaint "nudge[s] [the plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Accordingly, the court may "insist upon some

2

specificity in [the] pleading before allowing" the complaint to survive a motion to dismiss. *Twombly*, 550 U.S. at 558.

To adequately state a claim under Rule 8(a) and survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted). Thus, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). In other words, to survive a motion pursuant to Rule 12(b)(6), "a plaintiff [must] include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org., Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

In assessing the sufficiency of the complaint, a reviewing court is to look at the complaint as a whole, considering whether all of the facts alleged raise a claim that is plausible on its face. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1382 (11th Cir. 2010). Thus, the court reads the complaint "holistically," taking into account all relevant context. *El-Saba v. Univ. of S. Ala.*, Civ. No. 15-87-KD-N, 2015 WL 5849747, at *15 (S.D. Ala. Sept. 22, 2015) (citing *Garayalde-Rios v. Municipality of Carolina*, 747 F.3d 15, 25 (1st Cir. 2014)). As such,

3

"[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III.   DISCUSSION

### a.  Failure to Serve

The Complaint was filed in this court on June 10, 2019.  To date, Defendants Christian Lukjan, Judge Dunn, Randall Barr, Pike Co. Mental Health, Craig Maddox, Dr. Strunk, and Office Asst. Valerie have not been served. *See* Fed. R. Civ. P. 4(m).  On September 25, 2019, the court issued an order directing Wilke to "show cause why this action should not be dismissed for failure to timely perfect service." Doc. 10.  Plaintiff had a deadline of October 9, 2019, to perfect service of process or show cause for his failure to do so.  Wilke was specifically warned that his failure to comply could lead to the case being dismissed.

To date, Wilke has failed to file anything in response to the court's order.  Under Rule 4(m) of the Federal Rules of Civil Procedure:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "When a plaintiff fails to perfect service of process within the [90-day] period, the court may dismiss the action or grant an extension of time to serve process for either 'good cause' or another sufficient ground unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period." *Smith v. Hyundai*

4

*Motor Mfg. Of Ala*, No. 2:08CV195-MHT, 2008 WL 4372456, at *1 (M.D. Ala. Sept. 22, 2008) (citing *Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir. 2005)).

The time allowed for Wilke to perfect service of process expired on September 9, 2019.  The court's September 25, 2019, Order provided Plaintiff an opportunity to provide the court with good cause warranting an extension of time for service.  However, Plaintiff has failed to allege the existence of good cause.  The court, therefore, concludes that Plaintiff has abandoned his claims, failed to comply with orders of this court, and failed to prosecute this cause of action against Defendants Christian Lukjan, Judge Dunn, Randall Barr, Pike Co. Mental Health, Craig Maddox, Dr. Strunk, and Office Asst. Valerie. Consequently, this case as to the previously enumerated Defendants is due to be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

### b.  Motion to Dismiss

Pending before the court is Defendant Troy Regional Medical Center's ("TRMC") *Motion to Dismiss* (Doc. 7).  On September 25, 2019, the Court ordered Plaintiff to show cause why the motion should not be granted; however, to date, Plaintiff has failed to respond to the Court's order. Doc. 10.

TRMC argues that the "complaint fails to state a claim upon which relief may be granted as to this defendant pursuant to § 6-5-551 of the Code of Alabama and Rule 12(b)(6) of the Federal Rules of Civil Procedure." Doc. 7 at 2.  Specifically, TRMC asserts that:

The plaintiff's complaint fails entirely to plead a claim against this defendant with the specificity required of § 6-5-551. This is particularly true considering that more than one defendant has been named. Plaintiff's complaint pleads claims against multiple defendants, but fails to identify and specify which of the numerous defendants is alleged to have committed negligence or violations of the standard of care, what said specific violations of the standard of care were, and when they were allegedly committed. That detailed pleading requirement is the very purpose of § 6-5-551, and there is a total failure to comply with that pleading requirement in this complaint.

[. . .] The plaintiff's complaint also fails to include the specificity required for § 1983 claims. *Cabbil v. McKenzie,* 595 Fed Appx. 843 (11th Cir. 2014) (§ 1983 claims must show with specificity that each defendant violated the Constitution through his or her own actions).

Doc. 7 at 3.  TRMC states that their "role relative to the plaintiff was to obey the May 16, 2019 order of the Probate Court of Pike County, allowing the plaintiff to be admitted pursuant to court order," and therefore, they argue that they are "immune from liability for civil rights or other alleged violations." Doc. 7 at 2.

42 U.S.C. § 1983 is the statute that provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  To establish a § 1983 claim, a plaintiff must prove (1) a violation of a constitutional right (2) by a person acting under the color of state law or a private individual who conspired with state actors. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016).  Although Wilke's Complaint includes nothing more than threadbare and vague statements, TRMC believes this case was filed against them due to Wilke's involuntary commitment to TRMC's Senior Behavioral Care Unit. Doc. 7 at 1–2.  As such, TRMC argues that the Alabama Medical Liability Act ("AMLA"), § 6-5-551 of the Code of Alabama, governs the conduct that allegedly violated Wilke's rights. Doc. 7 at 2.  Thus,

TRMC moves this Court to dismiss the claims against them for Wilke's failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and, more specifically, they assert that the Complaint fails to comport with the AMLA's more stringent pleading standard. Doc. 7 at 2–3.

"In Alabama, any claim 'for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention, or termination of care givers,' is governed by the Alabama Medical Liability Act. Ala. Code § 6-5-551 (1975)." *Wood v. Jackson Hosp.*, No. 2:17-CV-494-MHT-DAB, 2018 WL 4656422, at *9 (M.D. Ala. Aug. 23, 2018), *report and recommendation adopted*, No. 2:17CV494-MHT, 2018 WL 4655740 (M.D. Ala. Sept. 27, 2018).  The ALMA requires a plaintiff to "include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts." Ala. Code § 6-5-551.  A complaint that fails to "include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted." *Id.*; *see also Warren v. Harden*, No. 2:12-CV-228-MEF, 2013 WL 1336990, at *2–4 (M.D. Ala. Mar. 29, 2013) (citing *Mikkelsen v. Salama,* 619 So. 2d 1382, 1384 (Ala. 1993)) ("The Supreme Court of Alabama has construed § 6–5–551 to mean that, 'although every element of the cause of action need not be stated with particularity, the plaintiff must provide the defendant health

care provider fair notice of the allegedly negligent act and must identify the time and place it occurred and the resulting harm.'"").

Wilke's Complaint consists of a "History (Pacer)" section that simply lists the names of other cases he has filed in the past against other defendants; a "Complaint" section that's alleges "Civil Rights Violation/Harassment/False Imprisonment/False Arrest" and a list of Defendants; a "Discussion" section that only states that "This complaint is 'joined at the hip' with the proceeding 'history' association of drug cartels;" and attached as exhibits are: the Petition for involuntary commitment in Pike County Probate Court, a letter from his appointed Guardian Ad Litem, and a demand letter that Wilke sent to TRMC demanding $2 million for false imprisonment. Docs. 1, 1-1, 1-2, and 1-3.

These minimal allegations fail to include the specificity contemplated by § 6-5-551 to establish liability on behalf of TRMC. Wilke's allegations do not even meet the minimal pleading standards of the Federal Rules of Civil Procedure. Rule 8 requires that a plaintiff submit a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In application, the Rule requires that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," in that the well-pleaded factual matter in the complaint "nudge[s] [the plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, the court may "insist upon some

specificity in [the] pleading before allowing" the complaint to survive a motion to dismiss. *Twombly*, 550 U.S. at 558.

> Courts have certainly provided such insistence in the context of § 1983 claims:

> [W]ith respect to § 1983 cases, we require plaintiffs to allege with specificity the facts upon which a claim is based "in an effort to weed out nonmeritorious claims." *See Keating,* 598 F.3d at 762–63 (internal quotation marks omitted). In other words, "in a § 1983 action, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *See id.* at 763; (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009)).

*Cabbil v. McKenzie*, 595 F. App'x 843, 847 (11th Cir. 2014).  Here, Wilke has failed to plead any action by any of the Defendants.  Rather, Wilke has solely provided a list of his former cases against various other entities not named in this action and provided a single sentence that "[t]his complaint is 'joined at the hip' with the proceeding 'history' association of drug cartels." Doc. 1 at 1–2.  Wilke's Complaint fails to plead sufficient facts and provide fair notice to TRMC under both ALMA and Rule 8 standards.  Therefore, TRMC's motion to dismiss is due to be granted, and Wilke's Complaint is due to be dismissed for failure to state a claim for which relief can be granted.

Traditionally, where a plaintiff has not had an opportunity to amend their complaint, the Undersigned would deny a motion to dismiss and caution the defendant to move the court pursuant to Rule 12(e) for a more definite statement.  However, Wilke has continually failed to respond orders of this Court or otherwise prosecute his cases.  For example, on September 25, 2019, the Court ordered Wilke to show cause why TRMC's motion to dismiss should not be granted and why this case should not be dismissed as to the other Defendants for failure to perfect service. Doc. 10.  To date, no response has been filed

addressing either issue.  Additionally, the Court is cognizant of the other two cases that the Undersigned presided over that were filed by Wilke in close succession to this case.  As is the situation here, Wilke failed to respond to court orders or otherwise prosecute those cases as well.  Both cases have since been dismissed due to Wilke's failure to respond to court orders and failure to prosecute his cases.

The "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir. 1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir. 1988)).  Mindful of the judicial caution which should attend the dismissal of *pro se* actions, based on Plaintiff's continued failure to participate in his cases, the Court finds that any attempt to order the Plaintiff to file an amended complaint that meets the pleading standard would be futile.

## IV.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1)   That this case be DISMISSED without prejudice as to Defendants Christian Lukjan, Judge Dunn, Randall Barr, Pike Co. Mental Health, Craig Maddox, Dr. Strunk, and Office Asst. Valerie for the Plaintiff's abandonment of his claims, failure to prosecute this action, and failure to comply with the orders of the court;

2)   That Defendant Troy Regional Medical Center's *Motion to Dismiss* (Doc. 7) be GRANTED and the case against them be DISMISSED without prejudice; and

3)   That Defendant Troy Regional Medical Center's *Motion to Dismiss* (Doc. 11) and *Motion for Protective Order* (Doc. 12) be DENIED as moot.

It is further

ORDERED that Plaintiff may file any objections to this Recommendation **on or before March 24, 2020**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of March, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE